# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.

CARL JAMES DUNKLIN,
        Plaintiff,
vs.

COSTCO WHOLESALE CORP., a foreign corporation,
        Defendant.
_____/

## NOTICE OF REMOVAL

Please take notice that Defendant, COSTCO WHOLESALE CORP., by and through the undersigned counsel, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332, hereby removes the above captioned action from the Fifteenth Judicial Circuit in and for Palm Beach County, State of Florida, to the United States District Court, Southern District of Florida, on the following grounds:

1. Defendant, COSTCO WHOLESALE CORP. ("Defendant"), a foreign corporation, is the sole named Defendant in a civil action filed by Plaintiff, CARL JAMES DUNKLIN ("Plaintiff") in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, on April 21, 2021. *See Plaintiff's Complaint attached hereto as Exhibit 1.* The single-count Complaint alleges a claim of negligence arising out of an alleged incident wherein the Plaintiff tripped and fell on Defendant's premises located in Royal Palm Beach, Florida. *Exhibit 1* at ¶ 5-7.

2. Thereafter, a summons was issued and served on Defendant on May 3, 2021. *See Summons attached hereto as Exhibit "2."* On May 24, 2021, Defendant timely filed its Answer and Affirmative Defenses. *See Answer attached hereto as Exhibit "3."*

3. Pursuant to 28 U.S.C. § 1446(a) and Rule 10(c), Fed.R.Civ.P., copies of all process, pleadings, and orders served upon the Defendant (to date, the Complaint and summons) are attached as Exhibits 1 and 2 and are incorporated by reference herein.

4.     Plaintiff alleged in his Complaint that he "is a resident of Palm Beach County." *Exhibit 1* at ¶ 2.

5.     At all times material hereto, Defendant was and is a corporation incorporated in and with its principal place of business in the State of Washington. *See affidavit attached hereto as Exhibit "4."*

6.     Plaintiff alleged in his Complaint that "[t]his is an action for damages which exceeds Thirty Thousand Dollars ($30,000) exclusive of interest and costs." *Exhibit 1* at ¶ 1.

7.     Accordingly, Defendant served discovery to Plaintiff in the form of request for admissions, to determine whether a basis for federal diversity jurisdiction existed. *See Request for Admissions to Plaintiff attached hereto as Exhibit "5."*

8.     On May 27, 2021, in response to Defendant's Request for Admissions, Plaintiff admitted that, at the time of the filing of his action and at present, he is domiciled in Florida and resides in Florida. *See Plaintiff's Response to Requests for Admission attached hereto as Exhibit "6"* at ¶ 3 and 6. Further, Plaintiff alleged in his Complaint that he was and is a resident of Palm Beach County, Florida. *Exhibit 1* at ¶ 2.

9.     Additionally, Plaintiff admitted that the amount he is claiming in this action, exclusive of fees and costs, exceeds $75,000. *See Exhibits 5 and 6* at ¶ 1, 7.

10.    As set forth in detail below, this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a), since the amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different States. Defendant therefore provides Notice of Removal from the Fifteenth Judicial Circuit in and for Palm Beach County, State of Florida, to the United States District Court, Southern District of Florida. Concurrent with the filing of this Notice of Removal with this Court, Defendant will provide

Notice of Removal to the Plaintiff, through the attorney of record in the state court action as required by 28 U.S.C. § 1446(d), as well as notice to the Clerk of the State Court in and for the Fifteenth Judicial Court in and for Palm Beach County, State of Florida.

## **FACTS SUPPORTING BASIS FOR REMOVAL**

At the time of the filing of this action, and at all times material, Defendant is a for-profit corporation incorporated in and with principal place of business in the state of Washington. *Exhibit 4.* Plaintiff alleged in his Complaint that he "is a resident of Palm Beach County." *Exhibit 1* at ¶ 2.

Plaintiff alleged in his Complaint that "[t]his is an action for damages which exceeds Thirty Thousand Dollars ($30,000) exclusive of interest and costs." *Exhibit 1* at ¶ 1. As it was unclear from the face of Plaintiff's Complaint whether a basis for diversity jurisdiction existed, Defendant served discovery to Plaintiff in the form of request for admissions, to determine whether a basis for federal diversity jurisdiction existed. See *Exhibit 5*.

On May 27, 2021, in response to Defendant's Request for Admissions, Plaintiff admitted that, at the time of the filing of his action he is domiciled in Florida and resides in Florida. *See Exhibit 6 at* ¶ 3 and 6. Further, Plaintiff admitted that the amount he is claiming in this action, exclusive of fees and costs, exceeds $75,000 and that the total amount of medical expenses that Plaintiff is claiming as a result of the alleged incident exceeds $75,000. *See Exhibits 5 and 6* at ¶ 1, 7.

May 27, 2021 was the earliest date that Defendant was served with any pleading or other paper in this action indicating that the jurisdictional requirements were met. *See Exhibit 1 and Exhibit 6.* Accordingly, Defendant timely filed this Notice of Removal within thirty days thereafter.

## MEMORANDUM OF LAW

28 U.S.C. § 1441 Removal of civil actions, states:

> "(a) Generally. – Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Pursuant to 28 U.S.C. § 1332(a)(1), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Corporations shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1).

In this case, diversity jurisdiction exists pursuant to § 1332(a)(1). Plaintiff and Defendant are citizens of different states (Florida and Washington, respectively). *Exhibits* 1, 4, 5, and 6. Further, the amount in controversy exceeds $75,000. *Exhibits 5 and 6.*

Additionally, removal in this case is timely. 28 U.S.C. § 1446(b)(3) provides, "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, or a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

In this case, removal is timely as it the Complaint itself did not establish that the action was removable. *Exhibit 1*. Here, pursuant to § 1446(b)(3), Defendant timely filed the instant Notice of Removal within thirty days after it was served with paper (specifically Plaintiff's Response to Request for Admissions on May 27, 2021) indicating that the amount in controversy exceeds

$75,000. *See Lambertson v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1286 (S.D. Fla. 2013)(holding that where Complaint did not specifically allege that action exceeded $75,000, plaintiff's response to request for admissions admitting damages in excess of $75,000 triggered 30 day removal period).

Accordingly, pursuant to 28 U.S.C. § 1441, based on the evidence provided hereto, Defendant timely removes this action to this Court as it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

Respectfully submitted,

ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561/688-6560    Fax: 561/688-2343
Service Email: service_blb@rrbpa.com
Email: bbedard@rrbpa.com
Attorneys for Costco

__/s/  *Benjamin L. Bedard*_____
BENJAMIN L. BEDARD
Florida Bar No: 983772

(Certificate of service on the following page)

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY 25th day June, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/EFC.  I also certify that the foregoing document is being served this day to Meranda Reifschneider, Esq., Counsel for Plaintiff, 9130 S. Dadeland Blvd, PH, Miami, FL 33156, meranda@rubensteinlaw.com; icollado@rubensteinlaw.com; eservice@rubensteinlaw.com, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

>
> ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC
> 470 Columbia Drive, Bldg. C101
> West Palm Beach, FL  33409
> Phone: 561/688-6560     Fax: 561/688-2343
> Email: bbedard@rrbpa.com; dclement@rrbpa.com
> Attorneys for Costco
>
> __/s/  Benjamin L. Bedard_____
> BENJAMIN L. BEDARD
> Florida Bar No: 983772